IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK06-41264 |
| | ) | |
| KOCH'S LAWN SERVICE, INC., | ) | CH. 12 |
| | ) | |
| Debtor. | ) | |
| IN RE: | ) | CASE NO. BK06-41279 |
| | ) | |
| STEVEN KOCH and ELIZABETH KOCH, | ) | CH. 12 |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held on December 6, 2006, on the motion for relief from stay filed by South Central State Bank (Fil. #10 in BK06-41264 and Fil.#11 in BK06-41279), and the resistance by Debtors (Fil. #19 in BK06-41264 and Fil. #20 in BK06-41279). In addition, Debtors' amended motion to use cash collateral (Fil. #21 in BK06-41264 and Fil. #22 in BK06-41279) was also heard. John R. Higgins appeared for Debtors, and John M. Guthery appeared for South Central State Bank.

Koch's Lawn Service, Inc. is a sod farming operation which also engages in landscaping and related business. The individual Debtors, Steven Koch and Elizabeth Koch, own all of the shares of Koch's Lawn Service, Inc. The primary secured creditor of Debtors is South Central State Bank, which holds: (1) a promissory note in the original principal amount of $425,000.00 executed by the corporate Debtor, as well as the individual Debtors, which note matured on April 10, 2006; and (2) a promissory note in the amount of $47,600.20 executed by the individual Debtors (but not by the corporate Debtor), which note is also in default for failure to make payments when due. South Central State Bank has filed a proof of claim in the approximate amount of $493,000.00. The notes are secured by a deed of trust encumbering certain real estate owned by the individual Debtors. South Central State Bank also claims a security interest in Debtors' accounts, inventory, equipment, farm products, sod, etc.[1]

At the hearing, Debtors' motion to use cash collateral was denied, without prejudice to Debtors' right to file a more specific request for use of cash collateral. Specifically, any further request for use of cash collateral should identify, at a minimum, the source of cash collateral, the total amount of cash collateral available, the amount of cash collateral that Debtors desire to use, when it

---

[1]South Central State Bank has a real estate deed of trust and UCC financing statements attached to its proofs of claim and its promissory notes refer to certain security agreements. The security agreements, however, are not in the record. For purposes of this Order, it will be assumed, but not determined, that South Central State Bank does have a duly perfected security interest in the Debtors' accounts and personal property, including sod.

will be used, and the specific purposes for which it will be used. Of course, the motion should also identify the specific adequate protection being offered for use of such cash collateral.

With regard to the motion for relief from stay, South Central State Bank argues that (i) Debtors are not eligible to be debtors under Chapter 12; (ii) that relief should be granted for cause, including lack of adequate protection.

There is not enough information in the record to determine whether Debtors are eligible to be debtors under Chapter 12 of the Bankruptcy Code. South Central State Bank has questioned whether the growing, cutting, delivery, and installation of sod is a farming operation under the terms of the Bankruptcy Code. Further, even if some or all of such activities constitute farming operations, there is a question as to how much of the income and expense of each Debtor is related to such operations or is actually related to other business operations of Debtors. At the hearing, counsel for South Central State Bank and Debtors indicated a desire to engage in discovery as to the income and expenses of Debtors. If, through such discovery, any interested party determines that sufficient facts exist to indicate Debtors are not eligible for Chapter 12 relief, such party may file an appropriate motion for dismissal or conversion. It should be noted that Debtors have the burden of establishing eligibility for relief under Chapter 12. *Tim Wargo & Sons, Inc. v. Equitable Life Assur. Soc'y (In re Tim Wargo & Sons, Inc.),* 869 F.2d 1128, 1130 (8th Cir. 1989).

South Central State Bank appears to be requesting relief under both 11 U.S.C. § 362(d)(1) and (2). Under subsection (2), relief should be granted if there is no equity in the property and the property is not necessary for an effective reorganization. There is certainly a question as to whether Debtors have any equity in the subject property, but it is clear that if Debtors are to reorganize, the property is necessary to the reorganization. A plan has not yet been filed and it is too early to determine whether an effective reorganization is possible. Thus, the issue is whether relief should be granted for cause under 11 U.S.C. § 362(d)(1). South Central State Bank argues that Debtors are selling and depleting its collateral and that it is not adequately protected. There are many discrepancies between the pre-bankruptcy representations of financial matters by Debtors and the representations that appear in Debtors' schedules. South Central State Bank also refers to several sales of sod and payments made by Debtors prior to the bankruptcy filing. For bankruptcy purposes, however, the value to be protected is South Central State Bank's interest in the collateral, whatever it may have been, on the date of bankruptcy filing. Debtors have acknowledged the sale of approximately 50,000 square feet of sod since the date of bankruptcy filing. Debtors assert that with the exception of certain payments made to a "silent partner" in the sod business, the post-petition sod proceeds received by Debtors remain in their possession.

According to Mr. Koch, the sod is sold at 12¢ per square foot, and 6¢ per square foot represents the cost of cutting the sod and delivering it to the customer. The remaining 6¢, according to Debtors, represents the "value" of the harvested sod. Debtors claim to have only a 50% interest in that sod, with a silent partner, Terry Henrichs, owning the other 50%. According to the declaration of Steven Koch (Fil. #23 in BK06-41264 and Fil. #24 in BK06-41279), some of the ground upon which sod is grown is leased with Mr. Henrichs on a 50% basis. It is unclear (i) what ground it is that

Debtors assert is leased with Mr. Henrichs; and (ii) whether the sod sold post-petition came from that ground or other ground. Interestingly, despite Mr. Koch's reference to a lease arrangement with Mr. Henrichs and the representation that the corporation leases land from the individual Debtors, the schedules in both cases state that there are no executory contracts or unexpired leases.

Under 11 U.S.C. § 1205(b), when adequate protection is required, it may be provided by (1) periodic cash payments to the lender to the extent that the stay results in a decrease in the value of the property securing the lender's interest; (2) providing to the lender an additional or replacement lien to the extent that the stay results in a decrease in value of the property securing a claim; (3) by paying rent for use of farmland at the reasonable rent customary in the community; or (4) by granting such other relief as will adequately protect the value of the secured claim. In this case, Debtors have stated that they have, and will set aside in a cash collateral account, approximately 25% of the post-petition sod sale proceeds. Further, Debtors have paid real estate taxes, as well as personal property taxes on equipment, and have indicated they have and/or will escrow periodic payments of real and personal property taxes. Finally, in addition to setting aside some funds in a specific cash collateral account, Debtors claim to have retained most of the proceeds of post-petition sod sales.

As indicated previously, South Central State Bank has a security interest in real estate and asserts a security interest in accounts, inventory, sod, equipment, etc. The only evidence at this time of loss of value caused to South Central State Bank as a result of the bankruptcy filing is that Debtors have sold some sod post-petition and may have used some of the proceeds. Debtors indicate that only a minor amount of sod was sold post-bankruptcy and that Debtors are holding most of the proceeds received post-petition. The Court has denied Debtors' use of cash collateral at this time, the Debtors cannot use the sod or its proceeds without consent from South Central State Bank or a Court order, and there is no evidence that the value of the collateral is declining. Thus, it is difficult to see how South Central State Bank is being harmed by maintaining the status quo for the time being.

IT IS ORDERED: For the foregoing reasons, South Central State Bank's motion for relief from stay (Fil. #10 in BK06-41264 and Fil.#11 in BK06-41279) is denied.

DATED: December 8, 2006.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *John M. Guthery
    John R. Higgins
    Richard Lydick
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.